IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Marvin Hampton,                          )
                                         )  C/A No. 5:05-609
                        Movant,          )
           vs.                           )
                                         )
United States of America,                )          **O R D E R**
                                         )
                        Respondent.      )
_____  )

Movant Marvin Hampton was indicted on June 8, 2005 and charged with possession with

intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) and

841(b)(1)(A) (Count 1); as well as with using and carrying a firearm during and in relation to, and

possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §

924(c)(1)(A) (Count 2). Movant pleaded guilty pursuant to a written plea agreement to Counts 1 and

2 on April 24, 2006. On November 28, 2006, Movant was sentenced to incarceration for a period

of 180 months, consisting of 120 months as to Count 1 and 60 months as to Count 2, to run

consecutively. Judgment was entered on November 30, 2006. Movant did not file a direct appeal

of his conviction or sentence.

This matter is before the court on Movant's motion for a reduction of sentence pursuant to

28 U.S.C. § 2255, which motion was filed on February 17, 2012. Movant contends that he did not

plead guilty to Count 2, and that his sentence should not have included a consecutive sentence for

60 months. On March 5, 2012, Respondent United States of America filed a motion to dismiss. By

order filed March 5, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant

was advised of the dismissal procedures and the possible consequences if he failed to respond

adequately. Movant filed an unsigned "affidavit" on March 23, 2012 in which he stated that the

weapon in question had belonged to his wife, and that the drugs seized from his property had belonged to his father-in-law. Movant further states that he was unaware of his right to appeal.

<u>DISCUSSION</u>

The United States asserts that Movant's § 2255 motion should be dismissed as time-barred. The court agrees.

A movant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Movant's conviction became final on Monday, December 11, 2006, ten days after judgment was entered and after time to file a notice of appeal expired. <u>See</u> <u>United States v. Simpson</u>, 407 F. App'x 716, 716-17 (4th Cir. 2011) (stating that at the time Simpson filed his notice of appeal, the applicable rule provided that the defendant was accorded ten days after the entry of judgment within which to file his notice of appeal, and noting that effective December 1, 2009 Fed. R. App. P. 4(b) was amended to provide a fourteen day period). Thus, Movant had until December 11, 2007 to file a § 2255 motion. Giving Movant the benefit of a <u>Houston v. Lack</u>, 487 U.S. 266, 270-76 (1988), "delivery" date of February 10, 2012,[1] Movant's § 2255 motion was not filed until in excess of four

---

[1] This is the date Movant signed his § 2255 motion.

2

years beyond the termination of the applicable limitations period.  There is no evidence that Movant was prevented from filing a § 2255 motion because of any governmental interference.  In addition, Movant does not assert relief under a newly recognized right made retroactively applicable to cases on collateral review or newly discovered evidence.  Movant's § 2255 motion is time-barred.

CONCLUSION

For the reasons stated, Respondent's motion to dismiss (ECF No. 78) is **granted**.  Movant's § 2255 motion (ECF No. 71) is **denied**.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 12, 2013

3