IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Marvin Hampton,                          )
                                         )  Cr. No. 5:05-609
                Movant,                  )
                                         )
        vs.                              )
                                         )  **ORDER AND OPINION**
United States of America,                )
                                         )
                Respondent.              )
_____ )

Movant Marvin Hampton is a federal inmate currently housed at FCI-Yazoo City in Yazoo

City, Mississippi.  On October 20, 2014, Movant, proceeding pro se, filed a motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct sentence.  ECF Nos. 94, 95.  On November 16, 2014,

Respondent United States of America (the "government") filed a motion to dismiss, asserting that

Movant's § 2255 motion is barred as successive.  By order filed November 17, 2014, pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures

and the possible consequences if he failed to respond adequately.  Movant filed a response in

opposition to the government's motion on December 11, 2014.

I. FACTS AND PROCEDURAL HISTORY

On June 8, 2005, a grand jury issued an indictment charging Movant with possession with

intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A) (Count 1); and to using and carrying a firearm during and in relation to, and possessing the

firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count

2).  On April 24, 2006, Movant pleaded guilty to Counts 1 and 2 pursuant to a plea agreement.

A presentence investigation report (PSR) was prepared by the United States Probation Office

(USPO). Movant's criminal history category was I. As to Count 1, Movant was held accountable for 142.02 grams of cocaine base. His base offense level was 32. Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 29 and a sentencing range under the United States Sentencing Guidelines of 87 to 108 months incarceration. However, Movant was subject to a mandatory minimum sentence of 120 months to life incarceration. See 21 U.S.C. § 841(a)(1), (b)(1)(A). Therefore, Movant's sentencing range became 120 months incarceration. As to Count 2, Movant was subject to a statutory minimum sentence of five years consecutive to any other term of imprisonment. See 18 U.S.C. § 924(c).

Movant appeared before the court for sentencing on November 28, 2006. He was sentenced to incarceration for a period of 180 months, consisting of 120 months as to Count 1 and 60 months as to Count 2, to run consecutively. Judgment was entered on November 30, 2006.

On February 17, 2012, Movant filed a motion to vacate pursuant to § 2255. Movant asserted that he did not possess a firearm during a drug trafficking activity and should not have received a sixty-month consecutive sentence under § 924(c). The government filed a motion to dismiss on March 5, 2012, asserting that (1) Movant's § 2255 motion was time-barred because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2255(f); and (2) Movant's claim was without merit and, moreover, waived because the claim was not raised on direct appeal. The court granted the government's motion to dismiss and denied Movant's § 2255 motion by order filed February 12, 2013.

In his current § 2255 motion, Movant asserts that the drug amounts for which he was held accountable resulted from factfinding by the court and the USPO. According to Movant, the drugs attributed to him served to increase his mandatory minimum sentence, in contravention of Alleyne

2

v. United States, 133 S. Ct. 2151 (2013).

In Alleyne, the Supreme Court determined that, consistent with Apprendi v. New Jersey, 530

U.S. 466 (2000), any fact that, by law, increases a mandatory minimum sentence is an "element" that

must be submitted to the jury.  In Alleyne, the penalty for the crime of using or carrying a firearm

in relation to a crime of violence increased from five years to seven years incarceration if the firearm

was brandished, and to ten years imprisonment if the firearm was discharged.  See 18 U.S.C. §

924(c)(1)(A).  According to the Court, "[t]he essential point is that the aggravating fact produce[s]

a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and

aggravated crime.  It must, therefore, be submitted to the jury and found beyond a reasonable doubt."

Alleyne, 133 S. Ct. at 2162-63.

In his response to the government's motion to dismiss, Movant further contends that he

received ineffective assistance of counsel during plea negotiations.  Movant contends he was coerced

and threatened by the government and his attorney into entering a plea of guilty.  According to

Movant, he did not commit the various acts alleged by the government and was not responsible for

50 grams or more of cocaine base for which he was indicted.

Movant's ineffective assistance of counsel claim is governed by Strickland v. Washington,

466 U.S. 668, 687 (1984).  An attorney's performance is deficient when it is not reasonable under

prevailing professional norms.  Id. at 688.  Movant also must demonstrate that he was prejudiced by

trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors,

the result of the proceeding would have been different.  See id. at 694.  In Hill v. Lockhart, 474 U.S.

52, 58-59 (1985), the Supreme Court held that, in order to prove ineffective assistance of counsel

subsequent to a guilty plea, a movant must show that (1) counsel's errors were below a standard of

reasonable competence, and (2) but for those errors, the movant would not have pleaded guilty but would have proceeded to trial.

## II.  DISCUSSION

The government contends that Movant's § 2255 motion is barred because Movant has not obtained permission from the Court of Appeals from the Fourth Circuit to file a successive motion. The court agrees.

Pursuant to 28 U.S.C. § 2255(h),

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If pre-filing authorization is not obtained from the appropriate court of appeals, the district court lacks jurisdiction to consider the § 2255 motion.  United States v. Winestock, 340 F.3d 200, 2005-06 (4th Cir. 2003).  The court is without jurisdiction to consider Movant's current § 2255 motion because, as discussed hereinabove, Movant previously brought a § 2255 motion and there is no evidence that Movant has obtained permission from the Fourth Circuit to file a successive § 2255 motion.

Even if Movant's current § 2255 petition were not successive, Alleyne has not been made retroactively applicable to cases on collateral review.  United States v. Stewart, 540 F. App'x 171, 172 n* (4th Cir. Sept. 27, 2013).  In addition, Alleyne has no application to this case.  Movant pleaded guilty to Counts 1 and 2 of the indictment, and therefore admitted to possessing with intent

4

to distribute 50 grams or more of cocaine base, for which he faced a mandatory minimum term of imprisonment of ten years.  He also admitted to using and/or carrying a firearm in furtherance of a drug trafficking crime, for which he faced a mandatory minimum term of five years consecutive to any sentence imposed as to Count 1.  See Plea Agreement, ECF No. 46.  Therefore, the court found no facts to increase Movant's minimum mandatory sentences.  See United States v. Burleigh, Cr. No. 3:11CR49-HEH-2, 2015 WL 1442903 (E.D. Va. March 27, 2015) (holding Alleyne not applicable when the defendant pleaded guilty to two counts of using a short-barreled shotgun and was on notice that higher mandatory minimum sentences would apply); United States v. Frazier, 572 F. App'x 239 (4th Cir. 2014) (finding plain error under Alleyne when the defendant did not admit to brandishing a weapon).

With respect to Movant's ineffective assistance of counsel claim, the court notes that Movant admitted under oath at the plea colloquy that he was guilty of Counts 1 and 2.  Such declarations carry a strong presumption of verity.  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Further, the PSR provides that Movant submitted a written statement as follows: "I, Marvin Hampton, admit that on March 23, 2005, I possessed with intent to distribute over 50 grams of crack cocaine.  I also possessed a Hi-Point pistol in furtherance of a drug trafficking crime.  I regret my involvement in these offenses."  ECF No. 56, ¶ 16.  Movant's belated claims that his plea was not knowing and voluntary and that counsel's performance was deficient are not credible.  See United States v. Edgerton, 408, F. App'x 733, 738 (4th Cir. 2011).

### III.  CONCLUSION

For the reasons stated, the government's motion to dismiss (ECF No. 99) is **granted**. Movant's § 2255 motions (ECF Nos. 94, 95) are dismissed, without prejudice, to allow him to seek

authorization from the Fourth Circuit to file a successive § 2255 motion.

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 15, 2015

### NOTICE OF RIGHT TO APPEAL

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

6